UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
=========================================
OPTO GENERIC DEVICES INC.,

                   Plaintiff/Counterclaim
                           Defendant,

    -against-

AIR PRODUCTS & CHEMICALS, INC.

                   Defendant/Counterclaim
                           Plaintiff,
=========================================

**REPLY TO AMENDED COUNTERCLAIM**

Civil Case No: 6:08-cv-0234 (DNH/DEP)

(ECF CASE)

       Plaintiff Opto Generic Devices, Inc. ("OGD"), by its attorneys, Scarzafava & Basdekis, LLP and the Harlem Law Office, as and for its Reply to the Amended Counterclaim of Defendant Air Products and Chemicals, Inc. ("Defendant"), alleges as follows:

1. The Agreement (the "JDA") is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

2. The JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

3. Admitted only insofar as OGD had a baseline device called the "ACC-1" that OGD marketed as having energy-saving capability. With respect to the remaining allegations in Paragraph 3 of the Defendant's Amended Counterclaim, OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

4. OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

5. OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

6. OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

7. OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

8. OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

### DEFENDANT'S ALLEGATIONS THAT OGD FAILED TO MEET CONTRACTUAL OBJECTIVES AND MILESTONES

9. Denied.

10. Denied.

11. Admitted only insofar as OGD's own president Ormonde G. "Art" Durham, III ("Art Durham"), sent an internal e-mail to certain employees on July 30, 2007 ("July 30 E-mail"). With respect to the remaining allegations in Paragraph 11 of Defendant's Amended Counterclaim, OGD states that the July 30 E-mail is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

12. Admitted only insofar as Defendant paid OGD a sum of $900,000.00. The remaining allegations in Paragraph 12 of Defendant's Amended Counterclaim are denied.

13. Admitted only that Paul Persico sent a letter to OGD, which letter is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

14. Admitted only insofar as OGD did not accept Paul Persico's proposal, and that OGD and its representatives left a September 19, 2007, meeting when Paul Persico became hostile toward, and screamed at OGD and its representatives. The remaining allegations in Paragraph 14 of Defendant's Amended Counterclaim are denied.

### DEFENDANT'S ALLEGED FORMAL NOTICE OF ALLEGED MATERIAL BREACH AND OGD'S ALLEGED FAILURE TO CURE

15. Admitted only insofar as OGD received a letter from Defendant dated October 23, 2007 ("Oct. 23 Letter"). With respect to the remaining allegations in Paragraph 15 of Defendant's Amended Counterclaim, OGD states that the Oct. 23 Letter is a writing that speaks for itself, and any inconsistent characterization thereof is denied. By way of further response, OGD denies that Defendant gave any prior warnings of any kind.

16. Denied.

17. Admitted only insofar as a meeting took place on that date at that location; however, it is denied that OGD needed to demonstrate any performance under the JDA.

18. Denied.

19. Denied.

### DEFENDANT'S ALLEGED DISCOVERY OF OGD'S ALLEGED MATERIAL NONDISCLOSURE

20. Admitted only insofar as there was litigation pending in September 2007, captioned Opto Generic Devices, Inc., et ano v. Andrew W. Olney, et al., No. 6:05-CV-00358 (DNH/GJD) (N.D.N.Y.) (the "Olney Litigation"), but deny all remaining allegations in Paragraph 20.

21. Admitted.

22. The allegations in Paragraph 22 contain conclusions of law, to which no responsive pleading is required. To the extent that a response may be required, OGD states that the JDA is a writing which speaks for itself, and any inconsistent characterization thereof is denied.

23. Denied.

24. OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

25. The allegations in Paragraph 25 are a hypothetical statement, to which no responsive pleading is required. To the extent that a response may be required, OGD states that the JDA is a writing which speaks for itself, and any inconsistent characterization thereof is denied.

### DEFENDANT'S ALLEGED DISCOVERY OF INVALIDITY AND UNENFORCEABILITY OF OGD'S PATENTS

26. Denied.

27. Denied.

28. Denied.

### DEFENDANT'S COUNT I - ALLEGED BREACH OF CONTRACT

29. OGD incorporates by reference its responses to Paragraphs 1 through 28 as if more fully set forth herein.

30. Admitted.

31. OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

### DEFENDANT'S COUNT II- ALLEGED BREACH OF CONTRACT

37. OGD incorporates by reference its responses to Paragraphs 1 through 36 as if more fully set forth herein.

38. OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

39. OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

### DEFENDANT'S COUNT Ill - ALLEGED BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

44. OGD incorporates by reference its responses to Paragraphs 1 through 43 as if more fully set forth herein.

45. OGD states that the allegations in Paragraph 45 are conclusions of law, to which no responsive pleading is required. To the extent that a response is required, OGD denies those allegations.

46. Denied. The 429 patent was a matter of public record, and not a part of the JDA.

47. Denied.

### DEFENDANT'S COUNT IV - DECLARATORY JUDGMENT

48. OGD incorporates by reference its responses to Paragraphs 1 through 47 as if more fully set forth herein.

49. OGD states that the JDA is a writing that speaks for itself, and any inconsistent characterization thereof is denied.

50. Admitted only insofar as OGD received $900,000.00 from Defendant. OGD denies the remaining allegations in Paragraph 50.

51. Denied.

### DEFENDANT'S COUNT V - ALLEGEDLY FRAUDULENT INDUCEMENT/ ALLEGEDLY FRAUDULENT NONDISCLOSURE

52. OGD incorporates by reference its responses to Paragraphs 1 through 51 as if more fully set forth herein.

53. Admitted only insofar as both the Olney Litigation and the '429 Patent were, at all times relevant hereto, matters of public record. OGD states that the remaining allegations in Paragraph 53 are conclusions of law, to which no responsive pleading is required. To the extent that a response is required, OGD denies those allegations.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## DEFENDANT'S COUNT VI - DECLARATORY JUDGMENT

60. OGD incorporates by reference its responses to Paragraphs 1 through 59 as if more fully set forth herein.

61. Denied.

62. Denied.

## DEFENDANT'S COUNT VII - DECLARATORY JUDGMENT

63. OGD incorporates by reference its responses to Paragraphs 1 through 62 as if more fully set forth herein.

64. Denied.

65. Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

66. The Amended Counterclaims fail to state a claim upon which relief could be granted.

## SECOND AFFIRMATIVE DEFENSE

67. The Amended Counterclaims are barred by the doctrines of estoppel, waiver, and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

68. The Counterclaims are barred by Defendant's own prior breach.

## FOURTH AFFIRMATIVE DEFENSE

69. The Counterclaims are barred by failure and/or non-occurrence of one or more conditions precedent.

WHEREFORE, OGD demands a Judgment of this Court in its favor against Defendant Air Products and Chemicals, Inc. for:

(a) Dismissing Defendant's Amended Counterclaims I, II, III, IV, V, VI, and VII in their entirety, on the merits, and with prejudice;

(b) Awarding OGD its costs, fees, and attorneys' fees to the extent permitted by law; and

(c) Granting such other and further relief as the Court deems just and proper.

Dated: July 11, 2008

**SCARZAFAVA & BASDEKIS, LLP**

　　**/s/** John Scarzafava, Esq.
John Scarzafava, Esq.
Bar Roll No. 102532
Attorneys for Plaintiff
48 Dietz Street, Suite C
Oneonta, New York 13820
(607) 432-9341
FAX: (607) 432-1986
Email: scarzafavalaw@yahoo.com

**THE HARLEM LAW OFFICE**

     **/s/** Robert A. Harlem, Esq.     
Robert A. Harlem, Esq.
Bar Roll No. 601291
Attorneys for Plaintiff
493 Chestnut Street, Suite 3
Oneonta, New York 13820
(607) 432-3611

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2008, I electronically filed the foregoing Reply to Amended Counterclaim with the Clerk of the District Court using the CM/ECF system which sent notification to the following:

Scolaro, Shulman Law Firm
Chaim J. Jaffe, Esq.
Attorney for Defendant
507 Plum Street, Suite 300
Syracuse, New York 13204-0000
315-471-8111
Fax: 315-471-1355
Email: cjaffe@scolaro.com

Stradley, Ronon Law Firm - Malvern PA Office
Kevin R. Casey, Esq.
Attorney for Defendant
30 Valley Stream Parkway
Malvern, PA 19355
610-640-5813
Fax: 610-640-1965
Email: kcasey@stradley.com

Stradley, Ronon Law Firm - Malvern PA Office
Stuart D. Lurie, Esq.
Attorney for Defendant
30 Valley Stream Parkway
Malvern, PA 19355
610-640-5802
Fax: 610-640-1965
Email: slurie@stradley.com

   /s/ John Scarzafava, Esq.
Bar Roll No. 102532